## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JANE DOE 1 and JANE DOE 2, on behalf
of themselves and others similarly situated,

      Plaintiffs,               Case No.

v.                             Hon.

MATTHEW WEISS; the REGENTS
OF THE UNIVERSITY OF MICHIGAN;
the UNIVERSITY OF MICHIGAN;
KEFFER DEVELOPMENT SERVICES,
LLC,

      Defendants.

---

Jonathan R. Marko (P72450)
MARKO LAW, PLLC
*Attorneys for Plaintiff*
220 W. Congress, 4th Floor
Detroit, MI  48226
(313) 777-7529
jon@markolaw.com

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St., Suite 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out
of the transaction or occurrence alleged in this Complaint.

## **PLAINTIFFS' CLASS ACTION COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiffs JANE DOE 1 and JANE DOE 2 ("Plaintiffs"), through their attorneys, **MARKO LAW, PLLC** and **HURWITZ LAW PLLC**, for their Complaint against MATTHEW WEISS, the REGENTS OF THE UNIVERSITY OF MICHIGAN, the UNIVERSITY OF MICHIGAN, and KEFFER DEVELOPMENT SERVICES, LLC, state as follows:

## **INTRODUCTION**

Student-athletes at the University of Michigan entrusted private and sensitive information to the University with the expectation that they would be protected and safeguarded from the potentially dangerous actions of athletic department employees who interact daily with student-athletes and have influence upon them.  Only a massive failure of oversight would allow for one of the University's highest paid employees, an Offensive Coordinator of the Michigan football team, to use his position of highest authority to terrorize the heart of the University Michigan Athletic Department, its student-athletes.  After years of investigation and countless inquiries, the University of Michigan still refuses to acknowledge and communicate with victims of these heinous crimes.  Matthew Weiss' extensive cyber assault on Plaintiffs' basic privacy rights is horrible, but it is the University of Michigan and its privacy vendors who have failed to protect vulnerable student-athletes whose most private information now resides in the public domain.

## **JURISDICTION AND VENUE**

1.      Plaintiff Jane Doe 1 was a student-athlete at the University of Michigan from 2020 to 2024, was a member of the Michigan Women's Volleyball team., and resides in Union County, New Jersey.

2.      Plaintiff Jane Doe 2 was a student-athlete at the University of Michigan from 2020 to 2024, was a member of the Michigan Women's Soccer team, and resides in Washtenaw County, Michigan.

3.      The Regents of the University of Michigan (the "Regents") is a corporate entity with the authority to be sued and is responsible for governing the University, as per Mich. Comp. Laws § 390.3 and § 390.4.

4.      The University of Michigan (the "University") is a public institution established under the laws of the State of Michigan.

5.      The University has received and continues to receive state funding, making it subject to Michigan state laws.

6.      Keffer Development Services, LLC ("Keffer") is a Pennsylvania-based limited liability company that has consistently conducted business in Michigan by directly providing services to residents and entities within the state, thereby availing itself of Michigan's legal protections.

7.   The wrongful conduct and legal violations committed by Keffer, as outlined in this complaint, specifically affected Plaintiffs who resided in Michigan at the time of the incidents.

8.   Matthew Weiss ("Weiss") is an individual residing in Michigan.

9.   This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367, as this case involves a claim under the Stored Communications Act, 18 U.S.C. § 2701(a) *et seq*., supplemental jurisdiction over additional related claims under 28 U.S.C. § 1367(a), and subject matter jurisdiction pursuant to 28 U.S.C. §1332(d) because this is a class action in which the amount in controversy exceeds $5,000,000, there are more than 100 putative class members, and the majority of putative class members are citizens of a state different than the state of which Defendants are citizens.

10.   Venue is proper in this district under 28 U.S.C. § 1391, as a substantial portion of the events giving rise to these claims occurred within this jurisdiction, and the Defendants are subject to personal jurisdiction here.

11.   Plaintiffs' injuries are redressable by monetary compensation and all of Plaintiffs' alleged injuries and those of the class members, are fairly traceable to Defendants' conduct

12.   Plaintiffs are timely filing a Notice of Intent to File Claims in the Court of Claims ("COC") pursuant to MCL 600.6431.

## <u>INDIVIDUAL ALLEGATIONS</u>

13.   Plaintiffs Jane Doe 1 and 2 were female student-athletes at the University of Michigan at all relevant times in which Weiss was employed by the University.

14.   Upon information and belief, Plaintiffs Jane Doe 1 and 2 fell victim to Defendants' conduct when Weiss unlawfully captured their private and sensitive personal records from electronic mail sources without permission.

15.   Weiss primarily targeted female college athletes, so he posed a greater threat to Plaintiffs Jane Doe 1 and 2 who were prominent female student-athletes at the University of Michigan.

16.   Weiss targeted Jane Doe 1 and 2 by infiltrating athlete databases that were maintained by Defendant Keffer, from which he gained access to by virtue of his elevated level of access as an Offensive Coordinator for the Michigan football team.

## <u>INDIVIDUAL AND CLASS ALLEGATIONS</u>

17.   Weiss was employed by the University.

18.   Weiss' conduct occurred during his employment at the University.

19.   The Regents had a responsibility to oversee the University's operations and ensure it upheld ethical standards and protected its students.

20.    This duty of care was violated when the Regents and University personnel failed to adequately supervise Weiss, resulting in the unlawful invasion of privacy affecting Plaintiffs and thousands of others.

21.    Plaintiffs are current and former student-athletes at the University and other affected institutions who were specifically targeted and harmed due to this violation of their privacy by Defendants.

22.    The Regents were also charged with managing the University's policies, financial operations, and strategic decisions, including budget approvals, tuition determination, and infrastructure development.

23.    They failed in this obligation by neglecting to implement or enforce policies that would have ensured proper oversight of University personnel, including Weiss, thereby preventing the breach of privacy that affected Plaintiffs.

24.    The Regents did not take any measures to prevent the harm inflicted upon Plaintiffs and other students as outlined in this Complaint.

25.    The Regents had the responsibility to establish University policies ensuring the monitoring of personnel in positions of authority, such as Weiss who was the Offensive Coordinator of the Michigan football team, but failed to do so, thereby exposing students to privacy violations.

26.    The Regents and the University were required to ensure that student-athletes had access to services from professionals who would respect their privacy.

6

27.   The Regents and the University acted recklessly by not ensuring that student-athletes' personal and sensitive information, including that of Plaintiffs, was securely managed, despite being entrusted to do so.

28.   The Regents and the University have a duty to support Plaintiffs and take appropriate security measures to protect private information and images.

29.   They breached this duty by failing to consider or implement any meaningful security measures to safeguard Plaintiffs' sensitive personal data.

30.   As financial stewards of the University, the Regents and the University failed to responsibly allocate resources by prioritizing cost avoidance over implementing security measures that could have prevented the privacy breaches.

31.   The Regents, responsible for overseeing all University of Michigan campuses, failed to enforce policies that could have detected, investigated, or prevented Weiss' unlawful actions, which were facilitated by the University's access provisions.

32.   The University, like the Regents, failed to uphold these responsibilities and engaged in similar breaches of duty.

33.   Plaintiffs entrusted the University to protect their private images and information.

34.     The University neglected this heightened responsibility, recklessly allowing Weiss to access and exploit the private information and images of Plaintiffs and other student-athletes.

35.     The Regents also had general oversight authority over the University's expenditures, yet failed to ensure that public funds were allocated to establish security protocols that would have protected student-athletes' private information.

36.     The University employed Weiss and had authority over him.

37.     The University assigned and directed Weiss' job responsibilities.

38.     These job duties enabled Weiss to access and exploit private, intimate information and images of Plaintiffs and others, which had been entrusted to the University for safekeeping.

39.     Despite providing Weiss with the means to invade Plaintiffs' privacy, the University failed to supervise or monitor his actions.

40.     The University betrayed the trust of Plaintiffs and others by granting Weiss electronic credentials that allowed him to surveil student-athletes, including Plaintiffs, and access their personal information and images.

41.     Without any University oversight, Weiss, in the course of his employment, unlawfully accessed and exploited Plaintiffs' private data.

42.     The Regents, the University, and Weiss engaged in misconduct, recklessness, and wrongdoing, which also implicated Keffer.

43.     Keffer's negligence and reckless disregard contributed to Weiss' privacy violations against Plaintiffs and their fellow student-athletes.

44.     Keffer had agreed to securely store and manage Plaintiffs' sensitive data, ensuring it remained inaccessible to University employees like Weiss and unauthorized third parties.

45.     Keffer was aware that the information it stored for Plaintiffs and others was private, personal, and sensitive.

46.     Keffer had an explicit obligation to protect this sensitive data but failed to fulfill this duty.

47.     By failing to implement any policies, procedures, or security measures, Keffer breached its duty to protect the private information entrusted to it by Plaintiffs and others.

48.     As a direct result of Keffer's security failures, Weiss was able to access Plaintiffs' private, personal, and intimate images and information.

49.     Keffer collects personal data about students and student-athletes.

50.     The University and the Regents sanctioned Keffer's collection of this private information.

51.     Plaintiffs trusted that the University and the Regents' authorization of Keffer's role would ensure the safety and confidentiality of their data.

52.     The Regents and the University took no action to ensure that Keffer maintained the privacy of Plaintiffs' sensitive information.

53.     The Regents' negligence in this regard directly harmed Plaintiffs.

54.     The University's failure to safeguard this data also caused harm to Plaintiffs.

55.     Keffer failed to implement measures to protect Plaintiffs' private information, leading to its unauthorized access.

56.     Keffer took no precautions to prevent Weiss from accessing Plaintiffs' personal information and images.

57.     Due to the negligence and recklessness of Keffer, the Regents, and the University, Weiss was able to unlawfully obtain and misuse sensitive information belonging to Plaintiffs and others.

58.     Between approximately 2015 and January 2023, Weiss unlawfully accessed the digital accounts of over 3,300 individuals, including Plaintiffs and other University student-athletes, as detailed in the criminal indictment against him.

59.     Weiss was able to do so because the University and the Regents granted him access credentials, enabling him to obtain and misuse private images and information.

60.    The Non-Individual Defendants failed to monitor Weiss' activities, supervise his conduct, review his employment status, or ensure that his job duties were performed in a manner that respected Plaintiffs' privacy.

61.    The Non-Individual Defendants failed to implement even basic security measures such as multi-factor authentication, background checks, peer oversight, or routine audits to protect student-athletes' private information.

62.    As a result of these failures, Weiss was able to unlawfully access private, intimate information belonging to Plaintiffs and their peers, which was maintained by Keffer and authorized for collection by the University and the Regents.

63.    The careless, negligent, and improper actions of the Regents, the University, and Keffer facilitated Weiss' ability to target female college athletes and access their private and sensitive information without authorization, including but not limited to the Plaintiffs.

64.    The Non-Individual Defendants were aware that Weiss, due to his job responsibilities, had a significant advantage in accessing private information and the personal privacy interests of the Plaintiffs and their peers.

65.    The Regents, the University, and Keffer failed to implement reasonable security measures or conduct background checks on Weiss, which allowed him to freely research, target, and invade the privacy of multiple University athletes,

particularly female athletes, who were primarily selected based on their school affiliation, athletic history, and physical attributes.

66.    The failure of the Regents, the University, and Keffer to supervise Weiss, review his conduct, assess his credentials, monitor his work, or ensure oversight enabled him to exploit Plaintiffs and others without any reporting of his actions. As a result, Weiss was able to acquire private photographs and videos of Plaintiffs and others that were meant to remain confidential and only be shared with intimate partners.

67.    Due to the recklessness of the University, the Regents, and the gross negligence of Keffer, Weiss was able to download personal and intimate digital photographs and videos of Plaintiffs and other class members who had entrusted this information to the Non-Individual Defendants.

68.    The Non-Individual Defendants' failure to exercise control over Weiss, despite their duty to do so, allowed him to exploit his job position to target athletes such as Plaintiffs, access, obtain, and misuse their private information, images, and videos.

69.    Because the Non-Individual Defendants failed to monitor Weiss, he was able to compile detailed records on individuals whose private photographs and videos he sought to obtain. Their failure to implement protective measures was so

severe that Weiss even documented comments regarding the bodies and sexual preferences of Plaintiffs and their peers.

70.    The information that Weiss acquired due to the Non-Individual Defendants' negligence is highly confidential, personal, and distressing when exposed without authorization, causing humiliation and embarrassment.

71.    Weiss accessed, without authorization or exceeding authorization, student-athlete databases from over 100 colleges and universities nationwide, maintained by Keffer.

72.    Thousands of students remain at risk because, despite decades of complaints and reports of misconduct within athletic departments, the University, the Regents, and Keffer repeatedly failed to review how Plaintiffs' personal data was stored, maintained, and accessed.

73.    The University and the Regents neglected to investigate Keffer's protocols or implement safeguards regarding Keffer's work with students and their private images, failing to uphold their duty to protect entrusted personal data.

74.    The University and the Regents also failed to explore or establish preventive measures to shield students from Weiss' actions.

75.    Neither the University nor the Regents have provided any explanation or justification for their failure to review Keffer's contract, investigate Keffer's

practices, implement oversight mechanisms, or consider measures to prevent students' exposure to Weiss.

76.    Due to the lack of control and enabling behavior of the Non-Individual Defendants, Weiss was able to gain unauthorized access to databases containing highly sensitive and private information belonging to Plaintiffs and others.

77.    Many, if not all, of these databases were maintained by Keffer and were entrusted to him with the expectation of being securely safeguarded.

78.    Plaintiffs entrusted the University and the Regents to ensure that Keffer adequately protected their private information and images.

79.    Defendants completely failed to implement or execute any reasonable security measures that could have safeguarded Plaintiffs' private information from Weiss' unauthorized access.

80.    Exploiting unsecured databases, Weiss downloaded personally identifiable information (PII) and medical records of more than 150,000 athletes, including Plaintiffs.

81.    Weiss also downloaded athlete passwords used to access Keffer's computer system to view and update their data, including Plaintiffs' credentials.

82.    The athletes' passwords were encrypted but were poorly secured due to the Non-Individual Defendants' recklessness. Consequently, Weiss, who was left unsupervised, managed to crack the encryption using basic internet research.

83.    Through open-source research, Weiss further investigated targeted athletes, such as Plaintiffs, collecting personal details like their mothers' maiden names, pets' names, birthplaces, and nicknames—information Plaintiffs had entrusted to the Non-Individual Defendants but which was inadequately protected.

84.    Using a combination of data obtained from student-athlete databases and additional research, Weiss, due to the lack of oversight by the Non-Individual Defendants, was able to gain access to over 2,000 athletes' social media, email, and cloud storage accounts, including those belonging to Plaintiffs.

85.    Once inside these accounts, Weiss searched for and downloaded private and intimate photographs and videos that were not publicly available.

86.    Weiss also accessed, without authorization, the social media, email, and cloud storage accounts of more than 1,300 additional students and alumni from universities across the country, including Plaintiffs, due to the reckless disregard for their safety and privacy by the Non-Individual Defendants.

87.    Upon accessing these accounts, Weiss extracted personal and intimate content.

88.    The Regents, University, and Keffer have also failed to take any steps to address or remedy the harm and privacy violations they allowed to occur.

89.    Weiss exploited weaknesses in account authentication processes to gain further access to additional accounts of students and alumni, leveraging this access to infiltrate more social media, email, and cloud storage accounts.

90.    The Regents, University, and Keffer failed to take preventive action against such unauthorized access.

91.    The Non-Individual Defendants were long aware that the type of data Weiss accessed was expected to remain private and that any breach would cause significant harm. Despite this knowledge, they failed to implement appropriate safeguards to protect the confidential information entrusted to them by Plaintiffs and other student-athletes.

92.    From approximately 2015 to January 2023, Weiss intentionally accessed, without authorization, personal and private information belonging to Plaintiffs and others, including data stored on university servers, social media, email, and cloud platforms.

93.    Weiss unlawfully obtained digital photographs, videos, and personal data from more than 3,300 individuals, including Plaintiffs, violating privacy laws in Michigan, Maryland, and Pennsylvania.

94.    Weiss took advantage of security vulnerabilities and the lack of supervision by the Non-Individual Defendants to reset account passwords, access private accounts, and further compromise Plaintiffs' digital security.

95.    As a direct result of the negligence, recklessness, and misconduct of the Non-Individual Defendants, Plaintiffs have suffered substantial financial and emotional damages exceeding $75,000, exclusive of costs, interest, and legal fees.

96.    Plaintiffs file this lawsuit both individually and as a class action on behalf of all those similarly affected under Rule 23.

97.    This case meets the requirements of numerosity, commonality, predominance, typicality, and adequacy as outlined in the rule.

98.    The Class is currently defined as: All individuals whose personal data, images, social media, or videos were accessed by Weiss without authorization (referred to as "Class Members").

99.    Numerosity: While the exact number of Class Members is not currently known and will be determined through further discovery, it is significant enough to make individual joinder impractical.

100.    Law enforcement officials have confirmed that there are a substantial number of victims, satisfying the numerosity requirement.

101.    Resolving the claims of these Class Members in a single action will benefit all parties and the Court by conserving resources, preventing inconsistent rulings, and providing a fair and efficient method for adjudication.

102.    Class Members can be readily identified through information and records held by federal and state authorities, the Regents, the University, and Keffer.

103. Electronic records maintained by the Non-Individual Defendants, who conducted their own investigations, can confirm the identities of Class Members.

104. Commonality: The evidence establishing how, when, where, and through what means Plaintiffs and other Class Members experienced these invasions is best evaluated collectively.

105. Defendants' actions, inactions, negligence, and recklessness apply uniformly to all Plaintiffs and Class Members.

106. Weiss' unauthorized downloads and access to private information through insecure systems affected all Class Members in essentially the same manner, causing identical types of harm.

107. The majority of legal and factual issues relevant to Plaintiffs and Class Members are common and take precedence over any individual matters.

108. Plaintiffs' claims are representative of those of the Class Members, as they share a common origin in terms of timing, circumstances, and harm suffered.

109. Plaintiffs are well-suited to represent the class, as they are committed to seeking justice and adequately reflect the harm experienced by the Class Members.

110. Pursuing this case as a class action is the most effective approach, facilitating the fair administration of justice because:

a. Separate lawsuits by individual Class Members could lead to inconsistent rulings, imposing conflicting obligations on Defendants.

b. Many victims may not come forward unless a class is certified.

c. Comprehensive equitable relief—including monitoring, protection, therapy, and other necessary measures—can be appropriately provided for the entire Class.

d. A class action is the most practical and manageable way to address these claims.

e. Without a class action, individual Class Members may remain unaware of whether they were recorded, where their private images are stored, or who may have access to them, leaving their injuries unresolved.

f. Individual Class Members may have little incentive or ability to pursue separate legal actions on their own.

## <u>COUNT I – VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT – 18 U.S.C. § 1030</u>

111. Plaintiffs restate and incorporate the allegations outlined above as if fully set forth herein.

112. Weiss violated the Computer Fraud and Abuse Act by unlawfully accessing Plaintiffs' private information without authorization.

113. He did so in the course of his assigned job responsibilities at the University.

114. Weiss' actions constitute a violation of the Act because he "knowingly accessed a computer without authorization" and/or "exceeded authorized access, thereby obtaining... information." 18 U.S.C. § 1030(a)(2)(C).

115.    Under the law, Weiss qualifies as an "inside hacker" since he initially accessed a computer system with legitimate credentials as part of his work with Plaintiffs and Class Members in their capacity as student-athletes. However, he then surpassed the scope of his permitted access by entering restricted areas of the digital network.

116.    This situation is comparable to opening your office door only to discover an unauthorized individual inside. If the intruder is an unknown person with no right to be in the building, they are completely unauthorized. If it's a colleague from a different department, they have exceeded their permitted access.

117.    Weiss' actions were deliberate, as he was fully aware that he was not authorized to access the restricted information but did so regardless, with the University's implicit approval.

118.    The University is vicariously liable for Weiss' actions, as he conducted them while performing his duties as a medical sports staff member within the University's athletic department.

119.    Legal precedent establishes that an employer is responsible for the wrongful acts committed by its agents in the course of their employment.

120.    Under 18 U.S.C. § 1030(g), Plaintiffs are entitled to seek damages from Weiss and the University through this civil action, as well as injunctive or other equitable relief.

121.   Given the willful violations committed by Weiss and the University, which resulted in significant harm, humiliation, and distress to Plaintiffs and the Class, Plaintiffs should be awarded all appropriate damages in this case.

## COUNT II – VIOLATIONS OF THE STORED COMMUNICATIONS ACT

122.   Plaintiffs restate and incorporate the allegations outlined above as if fully set forth herein.

123.   The Stored Communications Act, 18 U.S.C. § 2701 et seq., prohibits the unauthorized access of web-based cloud storage, media accounts, and other digital platforms, including those maintained by Keffer, which contained highly personal, private, and sensitive information belonging to Plaintiffs and others in similar situations.

124.   Specifically, under 18 U.S.C. § 2701(a), it is unlawful for any person to (1) knowingly and intentionally access, without authorization, a system through which an electronic communication service is provided; or (2) intentionally exceed authorized access to such a system and, in doing so, obtain, modify, or obstruct authorized access to electronic communications while they are stored in that system.

125.   Plaintiffs' digital communications and personal information were electronically stored and clearly fall within the scope of the statute's protections.

126.   Weiss accessed Plaintiffs' private data—including messages, files, and media—without authorization while performing duties associated with his role at the University.

127.   His actions in accessing Plaintiffs' data without permission were deliberate and undertaken knowingly in connection with his employment.

128.   Plaintiffs' private messages, files, and media could not have been accessed without unauthorized entry, and such access would not have occurred had Weiss not been employed by the University in his specific role within sports medicine.

129.   Under Section 2707 of the Stored Communications Act, individuals affected by violations of this statute are entitled to pursue civil action.

130.   This law imposes strict liability on violators.

131.   The statute permits affected individuals to seek remedies including equitable and declaratory relief, actual damages (or statutory damages of at least $1,000 per violation), punitive damages, as well as reasonable attorneys' fees and litigation expenses, pursuant to 18 U.S.C. § 2707(b)-(c).

132.   Weiss and the University's unauthorized access to Plaintiffs' private information, including messages, files, and media, constituted a violation of 18 U.S.C. § 2701(a).

133.   Both Weiss and the University were fully aware that they had no legal authority to access this data but did so regardless.

134.   Their intentional misconduct led to multiple violations of the Stored Communications Act.

135.   As a result of these violations, Plaintiffs have suffered significant financial and non-financial harm and seek appropriate compensation for their damages.

136.   Under the statute, Plaintiffs are entitled to recover either (1) their actual damages combined with any profits gained by Weiss and the University from the violations or (2) statutory damages of at least $1,000 per violation.

137.   Given the deliberate nature of these violations, the Court should impose punitive damages against the Defendants.

138.   Plaintiffs are also entitled to reimbursement for reasonable attorneys' fees and legal costs.

**COUNT III – VIOLATION OF TITLE IX, 20 U.S.C. § 1681(A) et seq.**

139.   Plaintiffs restate and incorporate the allegations outlined above as if fully set forth herein.

140.   Title IX mandates that "No person in the United States shall, on the basis of sex, be … subjected to discrimination under any education program or activity receiving Federal financial assistance …"

141.    Each Plaintiff qualifies as a "person" under the statutory language of Title IX.

142.    Weiss specifically targeted women in his unwarranted privacy violations, constituting sex-based discrimination.

143.    The University receives federal financial support for its educational programs, making it subject to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), et seq.

144.    Under Title IX, the University is obligated to investigate allegations of sexual harassment.

145.    The University was aware of the highly sensitive nature of the Plaintiffs' private and personal information, which Weiss was able to access due to his position.

146.    The University and Regents displayed deliberate indifference to sexual harassment by:

  a.    Failing to protect Plaintiffs and others in accordance with Title IX requirements;

  b.    Neglecting to properly investigate and address concerns regarding the deeply private information Plaintiffs entrusted to them;

  c.    Not implementing corrective measures to prevent Weiss from engaging in further sexual harassment of students; and

  d.    Failing to investigate additional acts of deliberate indifference adequately.

147.  The University and Regents' failure to respond appropriately to sexual harassment was clearly unreasonable given the known circumstances, constituting deliberate indifference.

148.  Due to the University's inadequate protection, investigation, and response to the harassment of female students, Plaintiffs have been effectively denied equal educational opportunities, including access to medical care and athletic training.

149.  At the time Plaintiffs received certain medical training services from the University, they were unaware that the Defendants had failed to properly consider their safety in relation to Weiss' hiring, training, and supervision.

150.  As a direct result of the deliberate indifference shown by the University and Regents, Plaintiffs have suffered a loss of educational benefits and opportunities.

151.  Plaintiffs have incurred and will continue to incur attorneys' fees and litigation costs.

152.  At the time of Defendants' wrongful conduct, Plaintiffs were either unaware or, despite reasonable diligence, could not have been aware of the institutional failures of Defendants concerning their Title IX obligations.

153.  The University and Regents maintained a policy and/or practice of deliberate indifference toward the protection of female student-athletes.

154.   This policy and/or practice of disregarding female athletes' privacy rights contributed to an increased risk of sexual harassment.

155.   Despite having the power to prevent these privacy violations and acts of harassment, Defendants failed to do so.

156.   Due to the University's and Regents' policy and/or practice of deliberate indifference, Plaintiffs were subjected to privacy invasions and sexual harassment by Weiss.

157.   Plaintiffs should be awarded damages for the substantial harm, humiliation, and distress caused by the University's and Regents' actions and inactions.

## COUNT IV -- VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 – STATE CREATED DANGER

158.   Plaintiffs restate and incorporate the allegations outlined above as if fully set forth herein.

159.   The Fourteenth Amendment's Due Process Clause prohibits the state from depriving individuals of life, liberty, or property without due process of law.

160.   The Regents and the University knowingly and recklessly exposed Plaintiffs to a dangerous individual, Weiss, despite being aware of his potential to inflict serious harm through sexual harassment and violations of their privacy.

161.   Plaintiffs, as female student-athletes, were foreseeable victims of such misconduct.

162.    The violation of Plaintiffs' privacy rights was entirely foreseeable.

163.    The Regents and the University took affirmative actions that deprived Plaintiffs of a safe campus environment, thereby creating or heightening the risk of harm and leading to both physical and emotional suffering.

164.    The University and the Regents demonstrated a reckless disregard for Plaintiffs' safety.

165.    Through their decisions and actions, the University and the Regents failed to provide a secure campus, directly contributing to Plaintiffs' exposure to harm and emotional distress.

166.    The University and the Regents willfully neglected their duty to safeguard Plaintiffs.

167.    Plaintiffs are entitled to recover all applicable damages for the Regents' and the University's actions, which caused severe harm, humiliation, and emotional distress to Plaintiffs and the Class.

## COUNT V – FAILURE TO TRAIN AND SUPERVISE 42 U.S.C. § 1983

168.    Plaintiffs restate and incorporate the allegations outlined above as if fully set forth herein.

169.    The University and the Regents bore the ultimate responsibility and authority to train and oversee their employees, agents, and representatives, including

Weiss, as well as all faculty and staff, in fulfilling their duties toward students, faculty, staff, and visitors.

170.   The University and the Regents neglected to properly train and supervise their employees, agents, and representatives, including all faculty and staff, regarding their obligations, which included but were not limited to:

a.   Recognizing, addressing, and preventing incidents of sexual harassment on campus;

b.   Identifying, reporting, and preventing unauthorized invasions of privacy on campus;

c.   Ensuring diligent oversight of student athletes and other individuals, including Weiss;

d.   Conducting thorough investigations into any privacy invasions committed by Weiss;

e.   Safeguarding all students, faculty, staff, and visitors on UM's campus premises;

f.   Maintaining a campus environment free from sexual harassment and invasions of privacy;

g.   Providing adequate training to faculty and staff regarding their individual responsibility in fostering and upholding a safe campus environment.

171.   The University and the Regents failed to sufficiently educate and train coaches, trainers, medical staff, Weiss, and other relevant personnel regarding the aforementioned responsibilities, which ultimately resulted in violations of Plaintiffs' rights.

172.   The failure of the University and the Regents to provide adequate training stemmed from their deliberate indifference toward the safety and well-being of student athletes.

173.   This lack of proper training directly contributed to or was the cause of Plaintiffs' injuries.

174.   Consequently, the University and the Regents deprived Plaintiffs of rights protected under the Fourteenth Amendment to the United States Constitution, constituting a violation of 42 U.S.C. § 1983.

175.   Plaintiffs are entitled to full compensation for the harm, distress, and humiliation they endured due to the Regents' and the University's actions and inaction.

## COUNT VI – INVASION OF PRIVACY INTRUSION UPON SECLUSION
*(As to Defendant Weiss)*

176.   Plaintiffs restate and incorporate the allegations outlined above as if fully set forth herein.

177.   Plaintiffs' personal social media content, videos, and other images were stored electronically and were intended to remain private.

178.   Weiss unlawfully accessed this private and personal information.

179.   His actions were unauthorized.

180.   This information would not have been obtained had the Non-Individual Defendants properly monitored and supervised access.

181.  Plaintiffs never granted permission for such access.

182.  Plaintiffs feel embarrassed, ashamed, humiliated, and deeply distressed that their private information has been exposed to strangers and third parties.

183.  Plaintiffs' social media data, images, and videos are inherently private.

184.  Plaintiffs had a rightful expectation that this information would remain confidential.

185.  The methods Weiss used to access the information were objectively unreasonable.

186.  As a result of Defendant's actions, Plaintiffs have suffered substantial financial and emotional harm and seek appropriate compensation.

### COUNT VII – GROSS NEGLIGENCE
*(As to Defendant Weiss)*

187.  Plaintiffs restate and incorporate the allegations outlined above as if fully set forth herein.

188.  Plaintiffs' personal social media content, including files, videos, and images, were stored electronically and were meant to remain private.

189.  Weiss unlawfully accessed Plaintiffs' private and personal information.

190.  Weiss acted without authorization.

191.  Plaintiffs never granted permission for such access.

192.   Plaintiffs feel deep embarrassment, shame, humiliation, and distress knowing that their private information has been exposed to strangers and third parties.

193.   Plaintiffs' social media content, including images and videos, is inherently private.

194.   Plaintiffs had a fundamental right to maintain the confidentiality of this information.

195.   As a direct result of Defendants' actions, Plaintiffs have suffered both financial and non-financial harm and are entitled to appropriate compensation.

## <u>COUNT VIII – NEGLIGENT HIRING OF KEFFER</u>

196.   Plaintiffs restate and incorporate the allegations outlined above as if fully set forth herein.

197.   Plaintiffs' personal social media files, videos, and other images were stored electronically and should have remained private.

198.   The University neglected to evaluate, review, and assess whether Weiss possessed the necessary training, character, and respect for students to ensure their privacy was upheld and not violated.

199.   Weiss wrongfully accessed Plaintiffs' private and personal information.

200.   Weiss' actions were unauthorized.

201.   This unauthorized access occurred due to the University's failure to establish appropriate hiring and training standards for Weiss' role, failure to verify his credentials, failure to conduct a thorough background review, and failure to implement safeguards to ensure that individuals handling sensitive information were properly vetted and did not abuse their position of trust.

202.   Plaintiffs never consented to Weiss' access and were never consulted regarding his fitness for the position.

203.   Plaintiffs feel embarrassed, ashamed, humiliated, and distressed knowing that their private information has been accessed by strangers and third parties.

204.   Plaintiffs' social media content, images, and videos are highly personal and private.

205.   Plaintiffs had a fundamental right to keep such information confidential.

206.   Plaintiffs relied on the University to take appropriate measures to secure, safeguard, and prevent unauthorized access to their private information.

207.   The University acknowledges this responsibility.

208.   The University failed in its duty to adequately assess Weiss' credentials, training, and the necessary qualifications for his role.

209.   Had the University fulfilled this duty, Plaintiffs would not have suffered harm.

210.   However, Plaintiffs did suffer harm.

211.   The University's negligence in failing to ensure Weiss was properly trained and would adhere to security measures protecting Plaintiffs' sensitive and private information directly resulted in harm.

212.   Given the highly sensitive nature of Plaintiffs' personal data, the University was aware that it needed to exercise greater diligence in its hiring process.

213.   The University failed in this responsibility.

214.   As a result, Plaintiffs suffered harm.

215.   Plaintiffs have endured significant financial and emotional damages due to Defendants' actions and seek appropriate compensation.

### COUNT IX – NEGLIGENT TRAINING, SUPERVISION, AND ENTRUSTMENT, AND RETENTION
*(As to Defendant University of Michigan)*

216.   Plaintiffs restate and incorporate the allegations outlined above as if fully set forth herein.

217.   The University neglected to evaluate, establish, or enforce any policies, procedures, or reasonable safeguards that would have educated Weiss on the harm caused by invading Plaintiffs' and the Class's private information.

218. As a prominent institution, the University of Michigan led Plaintiffs to reasonably expect that a coach would be properly trained to respect and protect their personal and private information.

219. Plaintiffs reasonably did not anticipate that the University would fail to provide Weiss with proper training on the sensitive nature of his role, leaving him unchecked and enabling him to violate Plaintiffs' rights, causing them humiliation and distress.

220. The University's failure to train Weiss resulted in harm to students, including Plaintiffs.

221. Additionally, the University had a duty—but failed—to develop and enforce a policy to ensure Weiss was trained to protect students like Plaintiffs from predatory behavior.

222. The University's failures were unreasonable.

223. The University had a duty to oversee Weiss in a way that would prevent him from violating students' privacy, including that of Plaintiffs.

224. The University neglected to assess, implement, or establish any policy, procedure, or reasonable safeguard that would have ensured proper oversight and monitoring of Weiss in handling the sensitive information entrusted to him by Plaintiffs and the Class.

225.   As a well-established institution, the University of Michigan led Plaintiffs to reasonably expect that a coach would be adequately supervised to protect their personal and private information.

226.   Plaintiffs had no reason to anticipate that the University would fail to properly oversee Weiss, leaving him unchecked in a position of trust where he could violate Plaintiffs' rights, causing them embarrassment and humiliation.

227.   The University was also obligated—but failed—to implement and follow a policy ensuring Weiss was properly supervised to protect students like Plaintiffs from potential predators.

228.   Had the University fulfilled its responsibilities, Plaintiffs would not have suffered harm, nor would their electronically stored social media files, videos, and images have been accessed without their consent, violating their privacy.

229.   The University has a history of privacy invasions and misconduct within its athletic department, including incidents affecting student-athletes.

230.   The University had a responsibility to retain Weiss only if he would not perpetuate that troubling history.

231.   The University was obligated to retain Keffer only if it ensured the protection of Plaintiffs' private information.

232.   The University had previously been warned about the risks posed by external vendors who could compromise student-athletes' privacy.

233.   The University had also been cautioned about the potential threats posed by its own athletic department personnel, including trainers, in violating student-athletes' privacy.

234.   Despite these warnings and the University's prior experiences, the Regents and the University proceeded to hire and retain Weiss, who ultimately violated Plaintiffs' privacy along with that of others.

235.   Plaintiffs have suffered significant financial and non-financial harm due to Defendants' actions and seek appropriate compensation.

## COUNT X – TRESPASS TO CHATTELS
### *(As to Defendant Weiss)*

236.   Plaintiffs restate and incorporate the allegations outlined above as if fully set forth herein.

237.   Weiss and the University intentionally and unlawfully accessed Plaintiffs' private and personal information, including images, videos, and social media, thereby wrongfully asserting control over and interfering with their sensitive data without authorization.

238.   This unauthorized access and control were deliberate and carried out with malicious intent.

239.   As a direct result of Weiss' and the University's intentional misconduct, Plaintiffs and the Class have suffered substantial financial and non-financial harm.

240.   Plaintiffs are entitled to exemplary damages due to the intentional, harmful interference with, and wrongful exertion of control over, their private and personal information.

### COUNT XI – VIOLATIONS OF MCL § 600.2919a
*(As to Defendants Weiss & Keffer)*

241.   Plaintiffs restate and incorporate the allegations outlined above as if fully set forth herein.

242.   Michigan Compiled Laws (MCL) § 600.2919a states:

(1) An individual who suffers harm due to either or both of the following may recover three times the amount of actual damages sustained, along with costs and reasonable attorney fees:

    (a) Another individual stealing, embezzling, or wrongfully converting property for their own use.

    (b) Another individual purchasing, receiving, possessing, concealing, or assisting in the concealment of stolen, embezzled, or converted property, with knowledge that the property was unlawfully obtained.

(2) The remedy provided under this statute is supplemental to any other legal or equitable right or remedy available.

243.   Plaintiffs suffered harm due to the University and Weiss acquiring, concealing, assisting in the concealment of, stealing, and/or misappropriating Plaintiffs' private and personal information. They also wrongfully used Plaintiffs' images, videos, and data for their own benefit.

244.    Pursuant to MCL § 600.2919a, Plaintiffs are entitled to recover three times the actual damages sustained, in addition to costs and reasonable attorney fees.

## COUNT XII – ASSAULT
*(As to Defendant Weiss)*

245.    Plaintiffs restate and incorporate the allegations outlined above as if fully set forth herein.

246.    Defendant's conduct, in accessing Plaintiffs' personal and private information as outlined above, was intentional.

247.    Defendant's conduct was without consent or legal justification.

248.    Defendant's conduct caused a reasonable apprehension of imminent harm to Plaintiffs.

249.    As a result of Defendant's conduct, Plaintiffs suffered severe damages.

## COUNT XIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESSS
*(As to Defendant Weiss)*

250.    Plaintiffs restate and incorporate the allegations outlined above as if fully set forth herein.

251.    Defendant's conduct, in accessing Plaintiffs' personal and private information as outlined above, was intentional.

252.    Defendant's conduct was extreme and outrageous.

253.    Defendant's conduct was not for any proper purpose.

254.    Defendant's conduct caused severe emotional distress to Plaintiffs.

255.   Plaintiffs suffered severe emotional distress and economic damage as a result of Defendant's intentional actions.

## COUNT XIV – VIOLATION OF THE MICHIGAN IDENDITY THEFT PROTECTION ACT – MCL 445.61 et. seq.

256.   Plaintiffs restate and incorporate the allegations outlined above as if fully set forth herein.

257.   Plaintiffs' personal social media content, videos, and other images were stored electronically and were intended to remain private.

258.   Weiss unlawfully accessed this private and personal information.

259.   His actions were unauthorized.

260.   Defendants maintained a database of Plaintiffs' sensitive information.

261.   Defendants had a duty to notify Plaintiffs of the unauthorized breach of their deeply private data.

262.   Defendants, however, failed to do so.

263.   As a result, Plaintiffs were completely unaware for years that their highly sensitive, private data was being accessed without their authorization in violation of Michigan's Identity Theft Protection Act.

264.   As a result of Defendants' conduct, Plaintiffs have suffered severe damages.

**WHEREFORE**, Plaintiffs respectfully request the Honorable Court to enter judgment against Defendants in an amount that will fully and fairly compensate them

for their damages; for costs of this action; for pre- and post-judgment interest; attorney fees; and for all other just and proper relief.

Respectfully submitted,

*/s/ Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
Attorneys for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 771-5785
jon@markolaw.com

*/s/ Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
**Hurwitz Law, PLLC**
Attorneys for Plaintiff
340 Beakes Street, Suite 125
Ann Arbor, MI 48103

Dated: March 26, 2025

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JANE DOE 1 and JANE DOE 2, on behalf
of themselves and others similarly situated,

      Plaintiffs,           Case No.

v.                         Hon.

MATTHEW WEISS; the REGENTS
OF THE UNIVERSITY OF MICHIGAN;
the UNIVERSITY OF MICHIGAN;
KEFFER DEVELOPMENT SERVICES,
LLC,

      Defendants.

---

Jonathan R. Marko (P72450)
MARKO LAW, PLLC
*Attorneys for Plaintiff*
220 W. Congress, 4th Floor
Detroit, MI  48226
(313) 777-7529
jon@markolaw.com

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St., Suite 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com

---

## **JURY DEMAND**

Plaintiffs, by and through their attorneys, hereby demand a trial by jury of the issues in the above-captioned case.

41

Respectfully submitted,

*/s/ Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
Attorneys for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 771-5785
jon@markolaw.com

*/s/ Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
**Hurwitz Law, PLLC**
Attorneys for Plaintiff
340 Beakes Street, Suite 125
Ann Arbor, MI 48103

Dated: March 26, 2025